UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

ZIMMIAN TABB,                                    :
                                                 :
                    Petitioner,                  :
                                                 :        Index No. 16 Cr. 747 (AKH)
         -against-                               :
                                                 :
                                                 :
UNITED STATES OF AMERICA,                        :
                                                 :
                    Respondent                   :
                                                 :
------------------------------------------------------ X

**PETITIONER ZIMMIAN TABB'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**

MORRISON & FOERSTER LLP

Carrie H. Cohen
Yu Han
250 West 55th Street
New York, NY  10019-9601
Telephone:  212.468.8000
Facsimile:  212.468.7900
CCohen@mofo.com
HHan@mofo.com

*Counsel for Petitioner Zimmian Tabb*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

PRELIMINARY STATEMENT .......................................................................... 1

BACKGROUND ................................................................................................. 3

I.       THE 2018 NARCOTICS CONVICTION AND SENTENCE ....................... 3

         A.       The Plea Agreement and Guilty Plea ................................................ 3

         B.       The Sentencing Proceeding and the Court's Career Offender Designation
                  Decision ........................................................................................... 4

II.      DIRECT APPEAL ..................................................................................... 5

III.     POST-APPEAL PROCEEDINGS ............................................................. 6

ARGUMENT ..................................................................................................... 7

I.       TABB'S § 2255 PETITION IS TIMELY UNDER § 2255(F)(3) ................. 8

         A.       *Taylor* Created a New Substantive Rule That Applies Retroactively on
                  Collateral Review ........................................................................... 8

II.      TABB'S PETITION IS COGNIZABLE UNDER § 2255(A) ..................... 11

         A.       Applicable Law ............................................................................. 11

         B.       Under *Taylor*, Attempted Second Degree Assault Under New York Law
                  Does Not Qualify as a "Crime of Violence" Under the Force Clause of
                  U.S.S.G. § 4B1.2 ........................................................................... 14

         C.       The New Rule in *Taylor* Has a Fundamental Effect on Tabb's Sentence
                  that Warrants Resentencing ........................................................... 18

CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Driessen v. Royal Bank Int'l,*
  No. 3:14-CV-01300 (VAB), 2015 WL 881205 (D. Conn. Mar. 2, 2015) ..............................16

*Hall v. United States,*
  58 F.4th 55 (2d Cir. 2023) ........................................................................................10

*Molina-Martinez v. United States,*
  578 U.S. 189 (2016)...................................................................................................19

*Pedro v. United States,*
  No. 03-CR-0346-1 (SHS), 2022 WL 17418529 (S.D.N.Y. Nov. 30, 2022)...............10, 10 n.7

*People v. Naradzay,*
  11 N.Y.3d 460 (N.Y. Ct. App. 2008).....................................................................13, 15, 17

*People v. Sullivan,*
  173 N.Y. 122 (N.Y. Ct. App. 1903).............................................................................13, 17

*People v. Tabb,*
  No. 01472-2008 (Sup. Ct., Bronx County)..........................................................................12

*Peugh v. United States,*
  133 S. Ct. 2072 (2013)...............................................................................................18

*Rosales-Mireles v. United States,*
  138 S. Ct. 1897 (2018)...............................................................................................19

*Santana-Madera v. United States,*
  260 F.3d 133 (2d Cir. 2001)..........................................................................................9

*Starks v. United States,*
  516 F. Supp. 3d 762 (M.D. Tenn. 2021)........................................................................17

*Stone v. United States,*
  37 F.4th 825 (2d Cir. 2022) ........................................................................................14

*Tabb v. United States,*
  141 S. Ct. 2793 (2021)................................................................................................7

*Tabb v. United States,*
  No. 20-579 (Dec. 2, 2020) ...................................................................................7, 18 n.13

*Teague v. Lane*,
    489 U.S. 288 (1989)....................................................................................................8

*Tellier v. United States*,
    No. 21-2959, 2023 WL 3608394 (2d Cir. May 24, 2023) .......................................18

*United States v. Bokun*,
    73 F.3d 8 (2d Cir. 1995)............................................................................................7

*United States v. Chappelle*,
    41 F.4th 102 (2d Cir. 2022) ..............................................................................18 n.13

*United States v. Culbert*,
    453 F. Supp. 3d 595 (E.D.N.Y. 2020) ...................................................................17

*United States v. Davis*,
    139 S. Ct. 2319 (2019)........................................................................................10 n.7

*United States v. Evans*,
    924 F.3d 21 (2d Cir. 2019)......................................................................................14

*United States v. Figueroa*,
    No. 19-CR-445-1 (JMF), 2023 WL 2745555 (S.D.N.Y. Mar. 31, 2023) ...............10

*United States v. Jackson*,
    60 F.3d 128 (2d Cir. 1995)...............................................................................18 n.13

*United States v. Muratovic*,
    719 F.3d 809 (7th Cir. 2013) ..................................................................................17

*United States v. Nguyen*,
    No. 07-CR-1121 (PAE), 2023 WL 2754303 (S.D.N.Y. Apr. 3, 2023) ...................10

*United States v. Quirk*,
    No. 05-CR-10183-MLW, 2023 WL 1421585 (D. Mass. Jan. 31, 2023)...............8, 10

*United States v. Stallworth*,
    543 F.2d 1038 (2d Cir. 1976)..................................................................................17

*United States v. Tabb*,
    No. 19-333 (2d Cir. Feb. 28, 2020)....................................................................5 n.3

*United States v. Tabb*,
    949 F.3d 81 (2d Cir. 2020).............................................................................. *passim*

*United States v. Tabb*,
    No. 12 Cr. 763 (AKH) ........................................................................................5 n.3

*United States v. Tabb*,
    No. 18-338 (2d Cir. Jan. 31, 2019) ............................................................3, 18 n.13

*United States v. Tabb*,
    No. 18-388 (2d Cir. Feb. 19, 2020)....................................................................6

*United States v. Tabb*,
    No. 18-388 (2d Cir. June 1, 2020) ....................................................................7

*United States v. Tabb*,
    No. 26-CR-747-AKH (S.D.N.Y. Jan. 26, 2018)............................................18 n.13

*United States v. Taylor*,
    142 S. Ct. 2015 (2022).......................................................................... *passim*

*United States v. Thorn*,
    659 F.3d 227 (2d Cir. 2011)............................................................................7 n.5

*United States v. Walker*,
    442 F.3d 787 (2d Cir. 2006).................................................................. *passim*

*United States v. Whidbee*,
    No. 19-CR-673 (ER), 2023 WL 2713844 (S.D.N.Y. Mar. 30, 2023) ........................10, 10 n.8

*Wallace v. United States*,
    43 F.4th 595 (6th Cir. 2022) ............................................................................10

*Welch v. United States*,
    578 U.S. 120 (2016).........................................................................................9

**Statutes**

18 U.S.C. § 2......................................................................................................3

18 U.S.C. § 16(a) ..............................................................................................14

18 U.S.C. § 841(c) ............................................................................................11

18 U.S.C. § 924(c) ................................................................................... *passim*

21 U.S.C. § 841(b)(l)(C)....................................................................................3

21 U.S.C. § 846.................................................................................3, 4 n.2, 5 n.4

26 U.S.C. § 5845(a) ..........................................................................................11

28 U.S.C. § 2255 ..................................................................................... *passim*

New York Penal Law §110.00.................................................................. *passim*

New York Penal Law § 120.05(2) ........................................................................... *passim*

U.S.S.G. § 4B1.1 ..................................................................................................... *passim*

U.S.S.G. § 4B1.2 ..................................................................................................... *passim*

## INTRODUCTION

Petitioner Zimmian Tabb ("Petitioner" or "Tabb"), by and through his undersigned attorneys, respectfully moves the Court to vacate and correct his sentence under 28 U.S.C. § 2255. Tabb, 35 years old, has served almost two-thirds of his ten-year sentence stemming from his conviction in 2018 for aiding and abetting the distribution of *less than 4 grams* of crack cocaine. Tabb's lengthy sentence was largely driven by this Court's determination that his prior conviction for attempted second degree assault under New York Law was a "crime of violence" that thus qualified him as a "career offender" under Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  As more fully set forth below, such a determination no longer is valid in light of the new rule announced in the intervening United States Supreme Court decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held, in the analogous 18 U.S.C. § 924(c) context, that an "attempt" (in that case, attempted Hobbs Act robbery) does not require the government to prove that the defendant used, attempted to use, or even threatened to use force and thus does not categorically qualify as a predicate crime of violence.[1]  This new rule applies with equal force here and requires vacatur of Petitioner's sentence and a resentencing hearing.

## PRELIMINARY STATEMENT

As this Court acknowledged at sentencing, Tabb's career offender designation had a "significant effect" on his Guidelines sentencing range by increasing it from 33 to 41 months' imprisonment to 151 to 188 months' imprisonment.  While this Court recognized that 151 months was "too much" and imposed a below Guidelines sentence, Tabb's sentence (*i.e.*, 120 months'

---

[1] The career offender designation requires two predicate felony convictions.  Tabb's other predicate felony conviction was a federal narcotics conspiracy conviction in 2014, which both this Court and the Second Circuit Court of Appeals held was a "controlled substance offense" under U.S.S.G. § 4B1.2(b) and Application Note 1 and therefore supported Tabb's career offender designation.  This motion does not address whether Tabb's federal narcotics conspiracy conviction was a "controlled substance offense" for purposes of application of the career offender enhancement under the Guidelines.

imprisonment) was still three times the top of his non-career offender range (*i.e.*, 41 months).

On appeal, the Second Circuit affirmed the judgment of conviction, holding that attempted second degree assault under New York law was a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) (the "Force Clause") because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Tabb*, 949 F.3d 81, 85–86 (2d Cir. 2020). This determination, as the Second Circuit explained, was dictated by its prior holding in *United States v. Walker*, 442 F.3d 787 (2d Cir. 2006), which held in the analogous Armed Career Criminal Act ("ACCA") context that attempted second degree assault under New York Penal Law § 120.05(2) was a crime of violence. *Id.* at 85 (quoting *Walker*, 442 F.3d at 788).

On June 21, 2022, the Supreme Court decided *Taylor*, holding that attempted Hobbs Act robbery is not categorically a "crime of violence" under the "elements clause" of 18 U.S.C. § 924(c)(3)(A) because neither element of the federal generic definition of attempt—the presence of criminal intent and the completion of a substantial step toward committing the crime—requires the government to prove that the defendant used, attempted to use, or even threatened to use force. *Taylor*, 142 S. Ct. at 2020. Thus, the Supreme Court concluded that, regardless of whether completed Hobbs Act robbery constitutes a crime of violence under the elements clause, attempted Hobbs Act robbery does not constitute a crime of violence for purposes of the Guidelines. *Id.*

*Taylor* repudiates the rationale in *Walker* that, just because a substantive crime may qualify as a crime of violence, so too must the attempt to commit that crime. While the two cases involved different predicate crimes (*i.e.*, *Taylor* involved attempted Hobbs Act robbery and *Walker* (and *Tabb*) involved attempted second degree assault under New York law), it is the elements of attempt that matter, and, like federal generic attempt, New York attempt law does not have as an element the use, attempted use, or threatened use of physical force against the person of another. Thus,

post *Taylor*, attempted second degree assault under New York Penal Law § 120.05(2) no longer qualifies as a crime of violence for sentencing purposes and cannot support Tabb's career offender designation. Without the career offender designation, Tabb's Guidelines range is 33 to 41 months' imprisonment. Accordingly, Tabb respectfully asks the Court to grant his motion to vacate his current sentence and resentence him based on his non-career offender Guidelines range.

## BACKGROUND

### I.   THE 2018 NARCOTICS CONVICTION AND SENTENCE

#### A.   The Plea Agreement and Guilty Plea

On May 5, 2017, Tabb pled guilty, pursuant to a plea agreement, to aiding and abetting the distribution of 3.75 grams of crack cocaine in violation of 21 U.S.C. § 841(b)(l)(C) and 18 U.S.C. § 2. (Plea Agreement at 1, *United States v. Tabb*, No. 18-338 (2d Cir. Jan. 31, 2019), ECF No. 70.) Tabb disputed, however, that he was subject to the career offender enhancement under U.S.S.G. § 4B1.1. (Plea Agreement at 2.) The government asserted that Tabb qualified as a career offender based on two prior convictions, namely, a 2010 conviction for attempted assault in the second degree under New York Penal Law §§ 120.05(2) and 110.00 and a 2014 conviction for conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. Tabb objected to the career offender designation, arguing that neither conviction qualified as a predicate offense. In light of this disagreement, the plea agreement did not stipulate to an applicable Guidelines range; rather, it set out alternative Guidelines calculations, depending on whether the Court found Tabb to be a career offender. Specifically, the government and Tabb agreed that on a Guidelines range of 33 to 41 months' imprisonment without the career offender enhancement and a Guidelines range of 151 to 188 months' imprisonment with the career offender enhancement. (*Id.* at 5.) The drastic difference between the two Guidelines ranges was attributable solely to the application of the career offender enhancement since Tabb's criminal history points put him in Criminal History Category VI

regardless of whether or not he was classified as a career offender.  The plea agreement further permitted Tabb to file a direct appeal or bring a collateral challenge, including a 28 U.S.C. § 2255 and/or § 2241 petition, if the Court sentenced him as a career offender and imposed a sentence above the non-career offender Guideline range of 33 to 41 months' imprisonment.  (*Id.* at 6.)

### B.  The Sentencing Proceeding and the Court's Career Offender Designation Decision

On January 19, 2018, Tabb appeared before this Court for sentencing.  At sentencing, the Court found that Tabb qualified for the career offender enhancement under U.S.S.G. § 4B1.1 and, based on that finding, calculated a Guidelines range of 151 to 188 months' imprisonment. (Sentencing Hearing Tr., ECF No. 61 at 26–27.)  Recognizing, however, that the career the career offender-guideline of 151 to 188 months was "too much," the Court varied downward and imposed a below-Guidelines sentence of 120 months' imprisonment, to be followed by three years of supervised release.  (*Id.* at 42, 46–48.)  The judgment of conviction was entered on January 25, 2018.  (Judgment of Conviction, ECF No. 56 at 1.)

In a Sentencing Order Holding Defendant a Career Offender (the "Career Offender Decision") filed on January 26, 2018, the Court "explain[ed] and supplement[ed]" its career offender ruling at the sentencing hearing.  (Career Offender Decision, ECF No. 57 at 1.)  Among other things, the Court concluded that Tabb's 2010 conviction for attempted assault in the second degree in violation of New York Penal Law § 120.05(2) constituted a predicate crime of violence for career offender enhancement purposes.[2]  (*Id.* at 3–6.)  In reaching this conclusion, the Court relied primarily on the Second Circuit's decision in *Walker*, 442 F.3d 787, which held that

---

[2] The Court also found that Tabb's 2014 conviction for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 constituted a predicate controlled substance offense that counted toward Tabb's career offender designation. (*Id.* at 6–8.)  This motion does not challenge that finding, which has been affirmed by the Second Circuit.  (*See infra* Parts II & III.)

attempted assault met the definition of "crime of violence" under the Force Clause of U.S.S.G. § 4B1.2(a)(1) because it has "as an element the use, attempted use, or threatened use of physical force against the person of another." The Court did not address whether the attempted assault conviction would also constitute a "crime of violence" via Application Note 1 of the Guidelines or under the "Enumerated Offenses Clause" of U.S.S.G. § 4B1.2(a)(2). (*See id.* at 6.) In the Career Offender Decision, the Court acknowledged the "significant effect" the career offender enhancement had on the applicable Guidelines range, stating that the range, without the enhancement, would have been 33 to 41months' imprisonment. (*Id.* at 1 n.1.) Tabb has been in federal custody continuously since his arrest in this case on September 27, 2016, and thus has served approximately 80 months of his 120-month sentence. According to the Federal Bureau of Prisons ("BOP") inmate locator, Tabb's current release date is June 9, 2027.[3]

## II.    DIRECT APPEAL

On February 3, 2018, Tabb timely filed an appeal from his judgment of conviction, challenging his sentence, in particular, his career offender designation. On February 6, 2020, the Second Circuit affirmed the judgment of conviction, holding that the district court correctly designated Tabb a career offender under U.S.S.G. § 4B1.1. *Tabb*, 949 F.3d at 82. The Second Circuit held, in relevant part, that Tabb's prior conviction for attempted assault in the second degree, in violation of New York Penal Law §§ 120.05(2) and 110.00, qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a)(1), the "Force Clause" of the crime of violence provision.[4]

---

[3] On February 4, 2019, Mr. Tabb received a two-year consecutive sentence for violating the terms of his supervised release on a prior narcotics conviction in *United States v. Tabb*, No. 12 Cr. 763 (AKH). The supervised release sentence was affirmed by the Second Circuit. Summary Order and Judgment, *United States v. Tabb*, No. 19-333 (2d Cir. Feb. 28, 2020), ECF No. 82-1. The BOP's projected release date presumably accounts for this two-year term of imprisonment for violation of supervised release as the sentence was to be served consecutively to his 120-month sentence in the instant case.

[4] The Second Circuit also affirmed this Court's decision that Tabb's prior conviction for federal narcotics conspiracy, in violation of 21 U.S.C. § 846, qualified as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) and Application Note 1 of the Guidelines. *Id.* at 89.

*Id.* at 86.  This outcome, as the Second Circuit explained, was dictated by Circuit precedent in *Walker*.  *Id.* at 84–86.  *W*alker, an ACCA case, held that attempted second degree assault under New York Penal Law § 120.05(2) was categorically a violent felony under ACCA because "[t]o (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term." *Id.* at 84 (modification in original) (quoting *Walker*, 442 F.3d at 788).  *Walker*'s holding, the Second Circuit reasoned, "precludes finding that New York attempted second-degree assault does not have 'as an element the . . . attempted use . . . of physical force against the person of another' under U.S.S.G. § 4B1.2." *Id.* at 85 (quoting *Walker*, 442 F.3d at 788) (internal citation omitted). Rejecting Tabb's various arguments that *Walker* was not controlling, the *Tabb* court affirmed the judgment of conviction and also "clarif[ied] [*Walker*'s] scope" by holding that attempt under New York law is "no broader" than the "generic" crime of attempt under federal law.  *Tabb*, 949 F.3d at 82 (internal citation omitted).

In its opinion, the Second Circuit acknowledged that this case "illustrates" how the career offender enhancement "dwarfs" other Guidelines calculations and has a "severe, even Draconian" effect on individual defendants such as Tabb.  *Id.* at 83 n.2.  The Second Circuit, like this Court, did not address whether attempted second degree assault would also qualify as a crime of violence under Application Note 1 of the Guidelines or the "Enumerated Offenses Clause" of the career offender guidelines.  *See id.* at 83 n.3.

## III.   POST-APPEAL PROCEEDINGS

On February 19, 2020, Tabb filed a petition for panel rehearing or, in the alternative, for rehearing *en banc* of the February 6, 2020, decision.  *Tabb*, No. 18-338 (2d Cir. Feb. 19, 2020), ECF No. 156.  In his rehearing petition, Tabb challenged only the Second Circuit's decision that

his prior federal narcotics conspiracy conviction was a qualifying "controlled substance offense" for purposes of applying the career offender enhancement.[5]  *Id.*  Tabb's rehearing petition was denied on June 1, 2020.  *Tabb*, No. 18-338 (2d Cir. June 1, 2020), ECF No. 207.

On October 28, 2020, Tabb filed a petition for a writ of certiorari seeking review by the Supreme Court on whether the Second Circuit correctly determined that his prior federal narcotics conspiracy conviction is a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  Petition for Writ of Certiorari, *Tabb v. United States*, No. 20-579 (Dec. 2, 2020).  Tabb's petition was denied on June 21, 2021.  *Tabb v. United States*, 141 S. Ct. 2793 (2021).

## ARGUMENT

This is Tabb's first 28 U.S.C. § 2255 petition.

Under § 2255(a), a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence if (1) it was "imposed in violation of the Constitute or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  In this Circuit, a non-constitutional, non-jurisdictional collateral attack is available under § 2255(a) if the petitioner can demonstrate "an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal citation and quotation marks omitted).

The statute of limitations on a petition pursuant to 28 U.S.C. § 2255 is one year.  Under § 2255(f)(3), if the petition relies on a new right recognized by the Supreme Court, the one-year limitation begins on "the date on which the right asserted was initially recognized by the Supreme

---

[5] Tabb adequately preserved his collateral challenge by raising the issue of whether his New York State attempted assault conviction was a crime of violence for U.S.S.G. § 4B1.1 on direct appeal.  *Cf. United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

As explained below, the Court should entertain Tabb's petition because it is both timely under § 2255(f)(3) and cognizable under § 2255(a).

## I.   Tabb's § 2255 Petition is Timely Under § 2255(f)(3)

### A.   *Taylor* Created a New Substantive Rule That Applies Retroactively on Collateral Review

As an initial matter, *Taylor* created a new rule. *Taylor* held that attempted Hobbs Act robbery is not categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), the element clause, because it "does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Taylor*, 142 S. Ct. at 2020. The Supreme Court made clear that its decision had nothing to do with whether completed Hobbs Act robbery satisfies the elements clause, but rather focused the analysis on the two elements of attempt, *i.e.*, the "intention to take property by force or threat, along with a substantial step toward achieving that object." *Id.* As the Supreme Court explained, "an intention is just that, no more," and "whatever a substantial step requires, it does not require the government to prove the defendant used, attempted to use, or even threatened to use force against another person or his property."[6] *Id.* Thus, *Taylor* announced a new criminal rule of interpreting whether § 924(c)(3)(A) covers attempt offenses like attempted Hobbs Act robbery. *See United States v. Quirk*, No. 05-CR-10183-MLW, 2023 WL 1421585, at *3 (D. Mass. Jan. 31, 2023) (joining other district court courts in "find[ing] that *Taylor* announced a new rule"); *see generally Teague v. Lane*, 489 U.S. 288, 301

---

[6] While the Supreme Court in *Taylor* did not conduct an independent analysis of what constitutes a "substantial step," the Court accepted the parties' agreement that while a substantial step "must be unequivocal and significant . . . it need not be violent." *Id.* (internal citation and quotation marks omitted).

(1989) (plurality opinion) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.") (emphasis in original).

Furthermore, because the new rule announced in *Taylor* is substantive, it applies retroactively on collateral review.  Under the framework established by *Teague* and its progeny, "[w]hether or not a new rule of law announced by the Supreme Court is to be applied retroactively in criminal cases on *habeas* review for the first time depends largely on whether the rule is substantive or procedural," and "new rules of substantive criminal law are presumptively retroactive." *Santana-Madera v. United States*, 260 F.3d 133, 138 (2d Cir. 2001).  Whether a new rule is substantive or procedural depends on "the function of the rule at issue, not the constitutional guarantee from which the rule derives." *Welch v. United States*, 578 U.S. 120, 130–131 (2016). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes," and that "includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."  *Welch*, 578 U.S. at 129 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351–53 (2004)) (internal quotation marks omitted).

Under this framework, the rule announced in *Taylor* is substantive.  A conviction under § 924(c) carries a minimum of five years' imprisonment when a defendant used a firearm in connection with a "crime of violence" as that term is defined in § 924(c)(3)(A).  By excluding a class of offenses, *i.e.*, attempted Hobbs Act robbery, from the definition of crime of violence required to support a § 924(c) conviction, *Taylor* changed the substantive reach of § 924(c).  Since *Taylor* altered "the range of conduct or class of persons that the law punishes" and not "only the procedures used to obtain the conviction," *Welch*, 578 U.S. at 131 (internal citation omitted), it is a substantive decision that is entitled to retroactive effect.

Indeed, as a court in this District has observed, while neither the Supreme Court nor the Second Circuit has addressed the issue of whether *Taylor* can be applied retroactively on collateral review, several courts, both in and outside this Circuit, have applied *Taylor* on collateral review or suggested that it can be. *Pedro v. United States*, No. 03-CR-0346-1 (SHS), 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (collecting cases);[7] *see, e.g.*, *Hall v. United States*, 58 F.4th 55, 58 (2d Cir. 2023) (grating relief under § 2255 because defendant's § 924(c) conviction was no longer valid in light of *Taylor*); *Wallace v. United States*, 43 F.4th 595, 601 (6th Cir. 2022) (granting relief under § 2255 because defendant's § 924(j) conviction predicated on attempted Hobbs Act robbery was no longer valid after *Taylor*); *United States v. Nguyen*, No. 07-CR-1121 (PAE), 2023 WL 2754303, at *4 (S.D.N.Y. Apr. 3, 2023) (stating that the court expects to grant a "proper form" for relief of vacating defendant's § 924(c) counts "pursuant to 28 U.S.C. § 2255"); *United States v. Figueroa*, No. 19-CR-445-1 (JMF), 2023 WL 2745555, at *1 (S.D.N.Y. Mar. 31, 2023) (noting that *Taylor* "has been an intervening change in the substantive law that could[, but for defendant's failure to raise the ground on direct appeal,] provide legal support to the defendant's claim"); *Quirk*, 2023 WL 1421585, at *3 ("*Taylor* recognized the new right . . . and that right was made retroactively applicable to cases on collateral review"). Notably, in *United States v. Whidbee*, No. 19-CR-673 (ER), 2023 WL 2713844 (S.D.N.Y. Mar. 30, 2023), another case in this District, the government consented to the granting of the defendant's first § 2255 motion to vacate his § 924(c) conviction in light of *Taylor*.[8] *Id.* at *1 (citing Government's Letter at 1, No. 19-CR-673 (S.D.N.Y. Jan. 16, 2023), ECF No. 48).

---

[7] The *Pedro* court also noted that *Taylor* can apply retroactively because it is "similar" to other decisions, such as *United States v. Davis*, 139 S. Ct. 2319 (2019), that courts in this Circuit have found to be retroactively applicable on collateral review.  2022 WL 17418529, at *1.

[8] The judgment in *Whidbee* was entered on August 2, 2021 (*see* ECF No. 43) and became final for § 2255(f) purposes on or around August 16, 2021, since the defendant did not file a direct appeal.  The defendant's § 2255 petition was filed on October 13, 2022 (ECF No. 44), well more than a year after his conviction became final.

In sum, *Taylor* created a new substantive criminal rule that is entitled to retroactive effect. As this petition is filed within one year after *Taylor* was decided, it is timely under § 2255(f)(3).

## II.      Tabb's Petition is Cognizable Under § 2255(a)

Tabb's petition is cognizable under 28 U.S.C. § 2255(a) because, under *Taylor*, his prior conviction for attempted second degree assault under New York law no longer qualifies as a predicate crime of violence under the Force Clause of U.S.S.G. § 4B1.2 and, therefore, cannot support his career offender designation.

### A.      Applicable Law

Under the applicable 2016 edition of the Guidelines, a defendant is a career offender if (1) he was at least eighteen years old at the time of the offense of conviction; (2) the instant offense of conviction is a felony that is either a crime or violence or a controlled substance offense; and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. A "crime of violence" is defined as a federal or state felony that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (*i.e.*, the Force Clause), § 4B1.2(a)(1); or (2) "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use of the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)" (the "Enumerated Offenses" clause), § 4B1.2(a)(2). Application Note 1 to the Commentary for § 4Bl.2 states that a crime of violence "include[s] the offense of . . . attempting to commit such offenses." § 4Bl.2, cmt. n.1.[9]

---

[9] Neither the district court nor the Second Circuit opinion addressed Application Note 1 for § 4B1.2 in connection with the attempted assault conviction and only discussed it in connection with Tabb's other qualifying predicate offense, *i.e.*, the 2014 federal narcotics conspiracy conviction. Moreover, both courts declined to address whether the attempted assault conviction would also qualify as a "crime of violence" under the Enumerated Offenses Clause.

To determine whether a state conviction qualifies as a predicate "crime of violence" for sentencing enhancement purposes, courts generally have applied a "categorical approach." *Tabb*, 949 F.3d at 84 (internal citation omitted); *see also Taylor*, 142 S. Ct. at 2019–20 (noting that the "categorical approach" applies when analyzing a federal criminal statute that "poses the question whether the federal felony at issue 'has *as an element* the use, attempted use, or threatened use of physical force' [under § 924(c)(3)(A)]") (emphasis in original). This approach requires courts to "consider[] the generic, contemporary meaning of the crime in the guidelines, and then determines whether the crime committed by the defendant falls under this generic offense." *Tabb*, 949 F.3d at 84 (internal citation and quotation marks omitted). In doing so, courts must "ignore[] the circumstances of the particular defendant's crime" and only look to the statutory elements required to secure a conviction. *Id.* "Only if the statute's elements are the same as, or narrower than, those of the generic offense does the prior conviction serve as a predicate offense for a sentencing enhancement." *Id.* (internal citation and quotation marks omitted).

On May 6, 2010, Tabb was convicted of attempted assault in the second degree in violation of New York Penal Law §§ 120.05(2) and 110.00, for which he was sentenced to two to four years' imprisonment. (Certification of Disposition, *People v. Tabb*, No. 01472-2008 (Sup. Ct., Bronx County).)

Under New York law, a person is guilty of second degree assault when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y.P.L. § 120.05(2). And "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y.P.L. § 110.00.

To prove attempt, "the defendant must have engaged in conduct that came dangerously near commission of the completed crime," although this "dangerously near standard does not . . . mandate that the defendant take the final step necessary to complete the offense." *People v. Naradzay*, 11 N.Y.3d 460, 466 (N.Y. Ct. App. 2008) (internal citations and quotation marks omitted). [10]   In the context of assault with a deadly weapon (or dangerous instrument), more specifically, the New York Court of Appeals has explained that the "dangerously near" standard does not require the intended victim to be so close "as to be beyond all possibility of injury from [the defendant]"; for example, a defendant can be convicted of attempted assault with a deadly weapon when he "load[s] a firearm and then start[s] towards the [intended victim] in order to attain reaching distance of him," or when he obtains an axe and "then approach[es] towards [the intended victim] . . . before he can reach a position of danger to him." *People v. Sullivan*, 173 N.Y. 122, 136 (N.Y. Ct. App. 1903) (internal citation omitted).

On appeal, the parties actively litigated the issue of whether the elements of New York attempt law fit those of the generic attempt described in the Guidelines.   Noting that generic attempt is "the presence of criminal intent and the completion of a substantial step toward committing the crime," the Second Circuit concluded that "[t]he elements of New York attempt . . . are *no broader than* generic attempt" because the "dangerously near" standard for New York attempt also "categorically requires that a person take a substantial step toward the use of

---

[10] New York's pattern jury instructions for attempt tracks this "dangerously near" standard:

> Conduct which TENDS TO EFFECT the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.  If a person intends to commit a crime and engages in conduct which carries his or her purpose forward within dangerous proximity to the completion of the intended crime, he or she is guilty of an attempt to commit that crime.

NY Pattern Jury Instructions for Attempt to Commit a Crime, New York Penal Law §110.00 (emphasis in original).

physical force." *Tabb*, 949 F.3d at 86 (quoting *United States v. Thrower*, 914 F.3d 770, 777 (2d. Cir. 2019) (*per curiam*)) (internal citations and quotation marks omitted) (emphasis added).[11]

### B.     Under *Taylor*, Attempted Second Degree Assault Under New York Law Does Not Qualify as a "Crime of Violence" Under the Force Clause of U.S.S.G. § 4B1.2

*Taylor* compels the conclusion that Tabb's New York attempted second degree assault conviction is not a "crime of violence" under the Force Clause of U.S.S.G. § 4B1.2.

As a preliminary matter, while *Taylor* addressed the Elements Clause of 18 U.S.C. § 924(c)(3), its reasoning applies with equal force here to the nearly identical language in the Force Clause of U.S.S.G. § 4B1.2.  When interpreting the Force Clause of § 4B1.2, courts regularly draw upon the case law interpreting the elements clause of ACCA and other similarly worded federal statutes.  *See, e.g.*, *Stone v. United States*, 37 F.4th 825, 832 n.47 (2d Cir. 2022) (using an ACCA case as "binding precedent" in analyzing the nearly identical language in § 924(c)(3)(A) when "[f]orce against property is not at issue"); *United States v. Evans*, 924 F.3d 21, 29 n.4 (2d Cir. 2019) (stating that we "look[] to cases analyzing ACCA's elements clause to interpret . . . § 4B1.2 of the Guidelines").  Indeed, in *Tabb*, 949 F.3d 81, the Second Circuit treated *Walker*, an ACCA case, as binding precedent and rejected Tabb's arguments that *Walker* was not controlling.  *Tabb*, 949 F.3d at 84–86, n.4 (noting that the Second Circuit's ACCA and § 16(a) jurisprudence provides guidance for analyzing U.S.S.G. § 4B1.2's Force Clause which is "identical to language in . . . the definition of 'violent felony' under [ACCA] and the definition of 'crime of violence' under 18 U.S.C. § 16(a)").

---

[11] Notably, despite the government's argument that "New York attempt law has rejected the modern approach of the Model Penal Code and the federal courts" because its dangerously near standard is "more stringent" than the "substantial step" requirement, (Government's Brief on Appeal at 25), the Second Circuit declined to go as far as urged by the government, and instead re-affirmed that New York attempt is "the same as or narrower than" generic attempt.  *Tabb*, 949 F.3d at 86.

Similarly, that the predicate offense in *Taylor* (*i.e.*, attempted Hobbs Act robbery) differs from the predicate offense here (*i.e.*, New York attempted second degree assault) is of no import. What matters, according to the Supreme Court, is whether the "attempt" to commit the crime requires the government to prove as an element the use, attempted use, or threatened use of force, regardless of whether the completed crime satisfies that requirement. *Taylor* made clear that federal generic attempt does not satisfy that requirement. As explained below, nor does New York attempt.

First, *Taylor* repudiated the theory that just because the completed crime of violence involves the use of force, the corresponding attempt to commit that crime necessarily involves the attempted use of force. *See Taylor*, 142 S. Ct. at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.") (emphasis in original). *Taylor*, therefore, abrogated the Second Circuit's decision in *Walker*, 442 F.3d 787, that "[t]o (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is *necessarily* to (attempt to) use 'physical force,' on any reasonable interpretation of that term." *Walker*, 442 F.3d at 788 (emphasis added). Since *Walker* dictated the outcome in *Tabb*, the Court needs to vacate the sentence in order to consider the elements of New York attempt alone without considering whether the completed crime of second degree assault is a crime of violence under the Force Clause of U.S.S.G. § 4B1.2.

New York attempt does not categorically require proof of force. As discussed above, to establish attempt, New York law requires that the defendant (with intent to commit a crime) must have engaged in conduct that came dangerously near commission of the completed crime. *Naradzay*, 11 N.Y.3d at 466 (N.Y. Ct. App. 2008). Circuit precedent supports the conclusion that, the conduct element of New York attempt, just like its federal counterpart, "need not be violent,"

*Taylor*, 142 S. Ct. at 2020.  Comparing the conduct element of New York attempt with that of federal generic attempt, the Second Circuit has concluded that the conduct element of New York attempt "categorically requires that a person take a 'substantial step' toward the use of physical force." *Tabb*, 949 F.3d at 86 (internal quotations omitted) (modifications in original).  *Taylor* made clear that a "substantial step"—even when taken toward the commission of a violent crime such as Hobbs Act robbery—"need not be violent." 142 S. Ct. at 2020, 2022 (rejecting government's argument that even though a "substantial step . . . need not be violent[,] . . . anyone who takes substantial step toward completing Hobbs Act robbery . . . objectively poses a 'threatened use' of force.").  It thus stands to reason that New York attempt does not require the use, attempted use, or threatened use of force either.

The government argued, on direct appeal in *Tabb*, that attempted second degree assault necessarily requires the defendant to attempt to use force because New York attempt law's "dangerously near" standard imposes a stricter requirement than its federal generic counterpart. But, that argument was not specifically addressed, and thus implicitly rejected, by the Second Circuit.[12]  *See Driessen v. Royal Bank Int'l*, No. 3:14-CV-01300 (VAB), 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015) ("An argument to which *sub silentio* treatment is accorded may be simply deemed not to have required specific reference. . . . The argument may be deemed to have been considered, but to have been found insufficient in merit") (quoting *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n. 8 (4th Cir.1980).  In fact, the government did not point to, nor are we aware of, any New York court precedent that supports this argument.

---

[12] While the Second Circuit held that "the elements of New York attempt *are the same as or narrower than* generic attempt," it does not find New York attempt was in fact narrower than federal generic attempt or that New York attempt requires the action to be violent. *Tabb*, 949 F.3d at 86.

To the contrary, New York decisional law makes it clear that it is sufficient to establish attempt to commit assault in the second degree where the defendant (with the requisite intent) obtains or equips himself with a weapon (*e.g.*, a firearm or an axe) and approaches towards the intended victim, *see e.g.*, *Sullivan*, 173 N.Y. at 136—conduct that several courts in and outside this Circuit have viewed as non-violent.  *See, e.g.*, *Starks v. United States*, 516 F. Supp. 3d 762, 775-76 (M.D. Tenn. 2021) (violence was absent in *United States v. Gonzalez*, 441 F. App'x 31, 36 (2d Cir. 2011), where the defendants, among other things, had "reconnoiter[ed] at the scene of the contemplated crime while in possession of . . .  a firearm [and] a starter pistol"); *United States v. Culbert*, 453 F. Supp. 3d 595, 598-99 (E.D.N.Y. 2020) (violence was absent in *United States v. Stallworth*, 543 F.2d 1038, 1041 (2d Cir. 1976), where the defendants, among other things, "arm[ed] themselves," or in *United States v. Muratovic*, 719 F.3d 809, 816 (7th Cir. 2013), where the defendants, among other things, "procured two hands guns").  Indeed, the Supreme Court opined in *Taylor* that the conduct of "buying a weapon" does not "objectively pose[] a 'threatened use' of force."  142 S. Ct. at 2022.  Thus, there are multiple examples—including *Naradzay*, 11 N.Y.3d at 466 and *Sullivan*, 173 N.Y. at 136—of convictions for attempted assault with a deadly weapon under New York law being secured without proof of use of force.

Since New York attempt, even in the context of second degree assault with a weapon, does not require the government to prove as an element the use, attempted use, or threatened use of force, *Taylor* compels the conclusion that *attempted* assault in the second degree in violation of New York Penal Law §§ 120.05(2) and 110.00 is not categorically a crime of violence under the Force Clause of U.S.S.G. § 4B1.2.[13]

---

[13] This conclusion is not modified by Application Note 1 of the Commentary to § 4B1.2, which states that crimes of violence include the offenses of, among other things, "attempting to commit such offenses."  U.S.S.G. § 4B1.2 cmt. n.1.  As Tabb argued at sentencing and on appeal—and for the same reasons raised in his petition for a writ of certiorari

**C.     The New Rule in *Taylor* Has a Fundamental Effect on Tabb's Sentence that Warrants Resentencing**

Section 2255 "confers broad remedial powers on district courts," including, among other things, to resentence a defendant and correct the sentence as appropriate. *Tellier v. United States*, No. 21-2959, 2023 WL 3608394, at *2 (2d Cir. May 24, 2023) (citing *United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997)). As Tabb's New York state conviction for attempted second degree assault in the second degree no longer qualifies as a predicate crime of violence for career offender Guideline purposes, this Court should vacate Tabb's sentence and resentence him without the career offender designation.

As the Supreme Court has long recognized, even though the Guidelines are advisory, increasing a defendant's Guidelines range creates a "significant risk" of a higher sentence because "when a Guidelines range moves up or down, offenders' sentences move with it." *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013). Because of this gravitational pull of the Guidelines, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."

---

(albeit with respect to the definition of a "controlled substance offense" rather than a "crime of violence")— Application Note 1 cannot be used to improperly expand or change the text of the Force Clause. *See* Defendant's Sentencing Submission at 43-44, *United States v. Tabb*, No. 26-CR-747-AKH (S.D.N.Y. Jan. 26, 2018), ECF No. 57; Defendant's Appeal Brief at 45–46, *United States v. Tabb*, No. 18-338 (2d Cir. Jan. 31, 2019), ECF No. 71; Petition for Writ of Certiorari at 17–23, *Tabb v. United States*, No. 20-579 (Dec. 2, 2020). This Circuit appears to support this position. *See United States v. Chappelle*, 41 F.4th 102, 104–05 (2d Cir. 2022), *aff'g*, No. 13-Cr.-986 (LTS), 2020 WL 5441541 (S.D.N.Y. Sept. 9, 2020) (noting that the district court "held that it was not obligated to defer to Application Note 1 because it was inconsistent with § 4B1.2(a)" and that the Second Circuit's decision in *United States v. Jackson*, 60 F.3d 128 (2d Cir. 1995), "decided only that Application Note 1 was not inconsistent with § 4B1.2(b) ('controlled substance offense'), and that [it] did not address whether Application Note 1 was inconsistent with § 4B1.2.(a) ('crime of violence')"). Since neither the district court nor the Second Circuit addressed the issue of whether attempted assault in the second degree under New York Penal Law § 120.05(2) qualifies as a crime of violence via Application Note 1, and because *Taylor* does not implicate the analysis on Application Note 1, this brief does not address this issue. However, should the Court determine that Tabb has a timely and cognizable § 2255 petition in light of *Taylor*, we respectfully request an opportunity to submit additional briefing regarding whether attempted second degree assault could qualify as a crime of violence via Application Note 1.

*Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018) ("an error resulting in a higher range than the Guidelines provide usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than 'necessary' to fulfill the purposes of incarceration") (internal citations omitted).

Tabb's sentence illustrates this precise point.  At sentencing, this Court acknowledged that Tabb's career offender designation had a "significant effect" on his sentencing Guidelines range, increasing the range from 33 to 41 months' imprisonment to 151 to 188 months' imprisonment, and that the sentence imposed was "based, in part" on that designation.  (Career Offender Decision at 1.).  The Second Circuit, too, recognized that the career offender enhancement "dwarfs" other Guidelines calculations and has a "severe, even Draconian" effect on individual defendants such as Tabb.  *Tabb*, 949 F.3d at 83 n.2.  The record thus demonstrates a reasonable probability that Tabb would have received a shorter sentence had he not be found a career offender, and that he is now "serv[ing] a prison sentence that is more than 'necessary' to fulfill the purposes of incarceration."  *Rosales-Mireles*, 138 S. Ct. at 1907.  Resentencing is, therefore, warranted.

For the reasons set forth above, the Court should grant Tabb's § 2255 motion because it is filed within one year of the Supreme Court's decision in *Taylor*, which squarely implicates Tabb's career offender designation and, in turn, his ultimate sentence.

## CONCLUSION

For the foregoing reasons, the Court should grant Tabb's § 2255 petition to vacate and set

the matter for resentencing.

Dated: New York, New York             MORRISON & FOERSTER LLP
       June 20, 2023

                         By: */s/ Carrie H. Cohen*
                                 Carrie H. Cohen
                                 Yu Han
                                 250 West 55th Street
                                 New York, NY  10019-9601
                                 Telephone:  212.468.8000
                                 Facsimile:  212.468.7900
                                 CCohen@mofo.com
                                 HHan@mofo.com

                                 *Counsel for Petitioner Zimmian Tabb*